**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **D.S.**

**No. 25-194** (Kanawha County CC-20-2023-JA-279)

**MEMORANDUM DECISION**

Petitioner Mother M.S.[1] appeals the Circuit Court of Kanawha County's February 19, 2025, order terminating her parental rights to D.S., arguing that the circuit court erred in denying her a post-dispositional improvement period and that termination was not the least restrictive alternative.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In August 2023, the DHS filed an abuse and neglect petition alleging that the petitioner abused substances, specifically marijuana and methamphetamine, which resulted in D.S. being drug-affected at birth. The DHS noted that the petitioner had previously voluntarily relinquished her parental rights to another child in a prior proceeding because she continued to test positive for methamphetamine and failed to successfully complete multiple drug treatment programs.[3] At the adjudicatory hearing in January 2024, the petitioner stipulated to the allegations in the petition. As such, the circuit court adjudicated her as an abusing and/or neglectful parent of D.S. In March 2024, the circuit court granted the petitioner's pending motion for a post-adjudicatory improvement period, the terms of which required the petitioner, among other things, to participate in drug screening, remain substance free, participate in parenting and adult life skills classes, and successfully complete the family treatment court ("FTC") program.[4]

The circuit court held a review hearing in July 2024. The DHS informed the court that the petitioner had relapsed and was subsequently admitted to an inpatient substance abuse treatment

---

[1] The petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Carl E. Hostler. Counsel Joseph A. Curia III appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The DHS later amended the petition to include abandonment allegations against the father.

[4] The petitioner agreed to participate in the FTC program as a term of her improvement period as she had voluntarily applied to and was accepted into this program.

program at Harmony Ridge. The circuit court ordered that the petitioner stay at Harmony Ridge, finding that she was still in compliance with the terms of her improvement period. However, at a hearing on August 6, 2024, the DHS stated that the petitioner left Harmony Ridge against medical advice and the court's order but had recently enrolled in a substance abuse treatment program at Hope Rehab on August 1, 2024. Shortly thereafter, at a hearing in September 2024, the petitioner moved for an extension of her improvement period. In support, the petitioner presented evidence of her successful compliance with the Hope Rehab treatment program along with clean drug screens. Based on this evidence, the court found that the petitioner substantially complied with her improvement period and granted a three-month extension, finding that it was in the child's best interests.

At the dispositional hearing in February 2024, the DHS provided evidence that the petitioner had been discharged from Hope Rehab in October 2024 for noncompliance. Additionally, the petitioner's FTC program coordinator testified that the petitioner had also been discharged from the FTC program because she tested positive for methamphetamine twice; missed many meetings, check-ins, and weekly hearings; failed to advance in the program; and exhibited evasive and manipulative behaviors. The DHS highlighted that the petitioner's substance abuse disorder had led to the prior relinquishment of her rights to an older child as she also failed to successfully complete treatment in that case. The petitioner moved the court to grant her a post-dispositional improvement period, stating that she was willing to commit to substance abuse treatment if provided more time. The circuit court denied the petitioner's motion, finding the evidence showed that she lacked motivation to "acknowledge, participate, and correct the circumstances that lead to the filing of the petition." Additionally, the circuit court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future. Furthermore, the circuit court found that based on the need to provide then-five-month-old D.S. with safe and stable permanency, termination was necessary for the child's welfare. Accordingly, the circuit court terminated the petitioner's parental rights to D.S.[5] It is from the circuit court's dispositional order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). To begin, the petitioner asserts that the circuit court erred in denying her motion for a post-dispositional improvement period. We disagree. Pursuant to West Virginia Code § 49-4-610(3)(D), when a parent has already been granted an improvement period, a circuit court may only grant a post-dispositional improvement period if the parent "demonstrate[s] that since the initial improvement period, [they have] experienced a substantial change in circumstances," and "due to that change in circumstances, [they are] likely to fully participate in the improvement period." Here, the petitioner failed to show that she underwent a change in circumstances to warrant the grant of second improvement period. The petitioner failed to comply with the terms of her post-adjudicatory improvement period, as demonstrated by her choice to leave her initial substance abuse treatment program against medical advice and the circuit court's order, positive drug screens, and discharge for noncompliance from

---

[5] The father's rights have also been terminated. The permanency plan for D.S. is adoption in his current placement.

both the FTC and Hope Rehab programs. Additionally, although the petitioner testified that she was willing to seriously commit to treatment if provided additional time, "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875 (quoting Syl. Pt. 1, in part, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Therefore, the circuit court did not err in denying the petitioner a post-dispositional improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely.").[6]

Lastly, the petitioner asserts that the circuit court erred in terminating her parental rights because termination was not the least restrictive alternative. We again disagree. We have consistently held that circuit courts are permitted to terminate parental rights without the use of a less restrictive alternative "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child," pursuant to West Virginia Code § 49-4-604(c)(6). *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected" (quoting *In re R.J.M.*, 164 W. Va. at 502, 266 S.E.2d at 117, Syl. Pt. 2)). Pursuant to West Virginia Code § 49-4-604(d)(3), a court may find that there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." Here, the evidence presented by the DHS, as outlined above, demonstrated that the petitioner failed to successfully treat her substance abuse disorder, which was also the basis for her voluntary relinquishment of an older child in a prior case. Therefore, the circuit court had sufficient evidence to find that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future. Furthermore, due to D.S.'s young age and the need for safe, stable permanency, the circuit court also had ample evidence to find that termination was necessary for his welfare. Accordingly, the circuit court did not err in terminating the petitioner's parental rights to D.S.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 19, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: March 3, 2026

---

[6] The petitioner also asserts that the circuit court erred by terminating her rights instead of extending her post-adjudicatory improvement period. However, the circuit court granted a three-month extension in September 2024. "West Virginia Code § 49-4-610(6) authorizes only *one* extension of a post-adjudicatory improvement period" and, therefore, the petitioner is not entitled to relief. Syl. Pt. 5, *State ex rel. P.G.-1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730 (2021).

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III